Thank you. My name is David Ness and I'm appearing for the appellant and the petitioner in this case, Mr. Cody Marble. The issue in this case is somewhat complicated in that it involves the AEDPA's statute of limitations and its interplay with state procedural law. In our opening brief, we argued, I think somewhat persuasively, that the district court erred in finding that the statute of limitations had elapsed. And we argued that on statute of limitations. Roberts. Let me ask you, does they agree that a remand is required, is that right? Yes, Judge, they do. To consider equitable tolling? To consider equitable tolling. What does our order need to say? Anything special or just remanded to consider equitable tolling? I think the only, if it were just simply remanded, I think one of the problems may be is the district court's decision that there was no statutory tolling involved here, that Mr. Marble's motions that he filed in the Montana Supreme Court would have no effect whatsoever on the time passage of the statute of limitations. What would you have our order say? I've thought about this, and it almost sounds as if I'm asking the Court for an advisory sort of opinion, but I think that the Court's analysis, with all due respect, was incorrect when it looked at the effect of Mr. Marble's motions in the Montana Supreme Court. I think it misconstrued this Court's decision in Knowles v. Townsend as well as the Eleventh Circuit cases that I've... Well, so you want a complete do-over. But my understanding of the Attorney General's position, where you sort of agree, is because that there was a problem with a date that underlies what the district court did. And so we don't... So giving that... I mean, giving that they're just saying that it should just go back for the court to look at the right date, make the analysis under the right date, and then do the equitable tolling analysis. But you're saying you want more than just an equitable tolling analysis. You want to redo the statutory tolling. Is that right? I... Yes, I do. I'm a criminal defense attorney. I'll be satisfied. Anything. Anything. Yes. What I hear you arguing for is that the remand to which the State has agreed is, in your view, not quite as much of a remand as you would like. Yes, Judge, I think that's correct. Both of you are agreed, I gather, remand on equitable tolling, and you'd like a little more. Yes, Judge. Why would you be entitled to remand? Why would you be entitled to that, in light of the date that's come to light? Well, the... It's our position, and it would be our position if the Court just simply remanded it. What we would like to argue is that when Mr. Marble's appeal was pending, and while it was pending, he filed a motion that asked the Court to consider his newly discovered Kent claim. And that happened on May 15th. I think the Montana Supreme Court's order or opinion denying his postconviction petition came down 12 days later on the 27th. What we would argue is that that motion filed on the 15th should, under Townsend v. Knowles and the 11th Circuit cases we cited, be considered a properly pled state postconviction petition or habeas petition that would serve to toll the statute of limitations from that time on forward. Well, I don't know. It seems to me that possibly he's out of statutory time, but his chance for relief is to argue that he's entitled to equitable relief. And to do that, he's got to argue, first, that he was misled by the Montana Supreme Court's May 27th, 2009, order, and, second, that extraordinary circumstances justified his failure to file his habeas on September 17th, the day after the Montana Supreme Court denied his new state habeas petition. Isn't that the argument you'd make on equitable tolling? On equitable tolling, yes. Yes. That would be our argument. I think, in a way, our statutory analysis kind of plays into the first factor, that he was misled by the Montana Supreme Court. Kind of, but not really. Kind of, sort of. Yeah. Help me understand a little more on equitable tolling. Your client delayed for a substantial period before filing in the state court. The time of filing in the state court means he has one day left on the federal statute, correct? One day, possibly two days, but, yes, very short. And that seems to be unexcused by any equitable considerations. Is that right? No. He was represented by counsel at the time, but, no, I can't think of anything. So help me understand how he possibly – I understand that you both agreed to remand for equitable tolling, and I'm content to do that. But help me understand how equitable tolling can help you get to the point where you would know that any form of misleading or whatever it is, even absent that, he would have been able to file within one day or two days. Well, if you look at what happened in the Montana Supreme Court, okay, so he files the motion to raise this Kent claim. On the 27th, when the Montana Supreme Court affirmed the denial of his post-conviction petition, he immediately filed his habeas petition. Now, how immediate is immediate? Were there any days that he lapsed? He filed it on the 28th. And when did the Montana Court decide? Then the Montana Supreme Court ultimately decided, denied the habeas petition on September 16th, I believe. Was it September 16th? September 16th, I believe. And after that's finished, then what happens? Then he filed his federal habeas petition on the 28th. So even if we accept your idea that he was misled and filed and so on, we've got, what, 12 days in there? I mean, he's moving quickly, but he's only got a day or two. I thought he filed on September 18th. Did I say? He said 28th. Oh, I'm sorry, September 18th, yes, that's correct. I misspoke. So you have, and he should have filed September 17th, so you have to get equitable tolling for one day, right? Or if, I'm just trying to count this stuff, it makes me dizzy, but if we agree the statute of limitations would have run on September 21st, he filed his post-conviction petition on the 20th. That would give him one day plus the 21st. My understanding under the law is that the day of the event wouldn't count, so we would have until the 22nd, so that's why I'm getting to two days. But in order for this to be a remand that might make a difference to you, we have to figure out the days that he filed quickly enough after the Montana Supreme Court was finally finished that he could have complied with that one or two days. I'm not sure whether it's one or two. I don't think it's enough that he was, that he moved promptly. It's enough that he has to do it within the one or two days. Did he, but even if he's passed the statute of limitations, did he move diligently and if he was misled by the Montana Supreme Court? Well, no, I'm not sure you're taking my point. Diligence, if he's only got one day or two days, and if a normal lawyer or a normal person acting diligently in that circumstance takes three days, he's out of luck. I understand where you're coming from. So we've got to figure out in order for this to be a sensible remand that even assuming that he was misled by the Montana Supreme Court and he gets equitable tolling for that period, that he nonetheless could have filed timely once he finds out what happens. I think you're correct, Judge. The only thing I would add is that I think that there's a period of time to determine what period of time it was that he was misled as well and how long. Okay. Mr. C, you have about a minute left. Do you want to save it for rebuttal? Sure. Thank you, Judge. May it please the Court. My name is Mike Wellenstein, and I'm an assistant attorney general for the State of Montana. Mr. Marble is clearly not entitled to statutory tolling because the statute he filed the State habeas corpus petition on June 12th, 2009, and he only had one or two days left on the statute of limitations period after the Montana Supreme Court denied him postconviction relief to file his habeas corpus petition, and the Court issued its order on May 27th that he didn't file his federal habeas petition by May 29th. Could you speak up? Okay. I'm sorry. As far as equitable tolling, the State did ask for a remand to allow Mr. Marble to raise a new or different claim regarding equitable tolling, but he's raising the same claim that he put forth in the federal district court, and that doesn't entitle him to any equitable tolling. The statute of limitations had expired before the Montana Supreme Court issued its orders on June 2nd and June 4th. Therefore, those orders could not have possibly misled Mr. Marble. Well, unless there's equitable tolling based on a theory of his having been misled by the Court. That they misled him. Even if you accept Mr. Marble's argument that the statute of limitations did not expire before June 4th and that his State habeas corpus petition is a properly filed collateral relief petition that withholds the statute of limitations and that June 4th is a trigger date, there's nothing that occurred after June 4th that prevented Mr. Marble from filing his habeas corpus petition within two days. There was no extraordinary circumstance. Well, he might. All right. But he might. All right. You're not opposing a remand for consideration of equitable tolling. Yes. He's asking to go back to reconsider both statutory tolling and equitable tolling. You are opposing the statutory tolling, correct? Correct. But, all right, your reason for not objecting to the equitable tolling argument, my understanding is because the District Court, as part of its supposition, had a date that was wrong. And Mr. Marble was not represented there, and so no one bothered to point out to the Court that the Court was using an incorrect date. Right? So what can he, according to the remand that you're not objecting to, what can he argue going back? I don't think he has an argument. All right. All right. What do you want? What would be the point of the remand? Well, I thought since, as you said, the Court used the wrong date, that as a matter of fairness to Mr. Marble, if he could come up with a different argument. Well, there's a difference between saying he doesn't have a good argument that should win as opposed to he doesn't have an argument. So when you agree to a remand, he's going to get to say something, all right? And you're going to argue that he's going to lose. Correct. But when you say he doesn't have any argument, are you really saying he doesn't have a good argument that you think he should lose, but you're not objecting to letting him make it? Or now you're objecting to him. Why would we remand it if you're going to say you can't say anything? Well, he's ultimately going to lose his argument because he has no extraordinary circumstance after June 4th. But he gets to argue it down there. Correct. In front of the district court. So you agree that it should go back to the district court to argue equitable tolling, considering the proper date that was not considered. And then he would have to show, first, that I think a reasonable judge might find that the Supreme Court's nunk-pro-tunk order of June 4th, 2009, revived Marble's State Court habeas petition at a minimum, created reasonable confusion, and then he would have to show extraordinary circumstances that, right? Correct. And if that's the case. I think he's going to lose, but that's what he could argue, right? That's what he could argue. Okay. If there's no further questions from the Court. I don't think so. All right. Thank you. No, I guess not. Thank you very much, Mr. Walensky. Mr. Ness, you've got about a minute left. Unless there's any further questions from the Court, I think I'll rest. Thank you. Thank you, gentlemen. The case is started. You just submitted this morning.
judges: Silverman, Fletcher, Callahan